IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Andre Stockett | Case Nos.:   3:20-cr-00002 |
| | 3:22-cv-01068 |
| Petitioner-Defendant, | |
| | Judge James G. Carr |
| v. | |
| United States of America | **ORDER** |
| Respondent-Plaintiff. | |

Pending is the defendant Andre Stockett's petition under 28 U.S.C. § 2255 (Motion to Vacate, Set Aside, or Correct Sentence.) (Doc. 51). The government has filed a response, (Doc. 52), and the petitioner has filed a reply in support of his petition, (Doc. 54).

Petitioner asserts two claims of ineffective assistance of counsel (IAC): 1) failure during the sentencing hearing to request that the federal sentence be run concurrently with a state court term; and 2) inadequate preparation of the petitioner before the sentencing hearing. (Doc. 51, pgID 322-33).

For the reasons that follow, I grant relief on his first claim and deny it on his second. I therefore vacate his sentence and will resentence him, giving due consideration to his claim that I should impose a concurrent, not a consecutive, sentence.

**Background**

The grand jury originally indicted the petitioner on eleven counts of distribution of Methamphetamine and Fentanyl. On March 9, 2021, he signed a Plea Agreement (Doc. 32) and

1

concurrently entered pleas of guilty to eight of the eleven counts. Sentencing was scheduled for June 14, 2021, reset for June 21st, and then continued once again to the 23rd.

In the meantime, on May 12, 2021, petitioner, who was in state custody,[1] appeared for sentencing on nonsupport charges before Judge Roger E. Binette of the Erie County, Ohio Court of Common Pleas. (Doc. 40, pgID 242).

Judge Binette imposed an eleven-month sentence. (*Id.* at 243). After the Judge did so, Mr. Farmer asked that that sentence run concurrently with whatever petitioner would receive in this case. Judge Binette correctly stated that he could not run his sentence concurrently with a sentence that has yet to be imposed. He suggested that Mr. Farmer ask me to run my sentence concurrently with his. (*Id.*).

Sentencing memoranda were due June 4, 2021. Mr. Farmer filed his Sentencing Memorandum on June 14, 2021. (Doc. 40). The following day, June 15th, Mr. Farmer filed Appendix B to the Sentencing Memoranda. (Doc. 41). Attached thereto was a DVD of the May 12, 2021 sentencing before Judge Binette.[2]

None of Mr. Farmer's pre-sentence filings asked that I sentence the petitioner to a concurrent, rather than consecutive, sentence. So I was unaware of this request when I sentenced the petitioner, thereby unwittingly running my sentence consecutively to Judge Binette's.

---

[1] Derrick Farmer, *Esq.*, represented the petitioner in the Erie County case as well as in the proceedings in this case. He made several attempts to obtain his client's pretrial release before me. But I declined to do so because there was a pending Erie County warrant. A County Probation Officer had lodged that warrant, but it was not of record in the Erie County Court's docket. But it was lodged with the Marshal's Service. It was a phantom Warrant, known to no one but the Marshal's Service.

[2] On June 15, 2021, Mr. Farmer submitted a recording of the proceedings before Judge Binette. (Doc. 41, Appendix B). Since then, the Clerk's Office has returned the DVD to Mr. Farmer. Counsel may desire to obtain it, if extant, from Mr. Farmer. In any event, the gist of what matters at a future resentencing is Judge Binette's apparent endorsement of a concurrent sentence. (Doc. 40, pgID 243). As indicated *infra,* I expect to take that into account at resentencing.

The government thinks I should nonetheless have known about the state sentence. It points to Mr. Farmer's reference in his Sentencing Memorandum of his unavailing request for an anticipatory concurrent sentence. (Doc. 52, pgID 337-39). The response to that contention is that a request made to one Judge, much less one in another jurisdiction in an unrelated case (even though referenced in passing in a court filing), simply does not qualify as a request to me in my case. *Cf. Turner v. United States,* No. 3:14CR441, 2021 WL 2720619, at *3 (N.D. Ohio July 1, 2021) (finding that, to preserve an objection raised in a presentencing memorandum, counsel must renew the objection during the sentencing proceeding).

The simple fact is that Mr. Farmer *never* asked *me* before, during, or after sentencing and before adjournment to allow the state sentence to be served concurrently with whatever sentence I would impose, was imposing, or had imposed.[3]

This leads to the second IAC element under *Strickland v. Washington,* 466 U.S. 668, 687 (1984); namely, whether Mr. Farmer's failure ever to have timely asked me to run the sentences concurrently caused prejudice: *i.e.,* is there a reasonable probability that, but for Mr. Farmer's IAC, would I have run the sentences concurrently, rather than, as things now stand, consecutively? *Strickland, supra*, 466 U.S. at 694.

To say at this point what I would have absolutely done would be prejudicial going forward to one party or the other. Nonetheless, I believe the petitioner has established with reasonable probability that I might have run the sentences concurrently. Thus, I find that he has met *Strickland's* prejudice requirement.

---

[3] On July 6, 2021, Mr. Farmer filed a post-sentencing motion to modify sentence, asking *post hoc* that I make the sentences concurrent. (Doc. 47). Rule 35(a) of the Fed. R. of Crim. Pro. precluded my doing so.

Some aspects of the record favor my doing so, but that does not mean that the conclusion is foregone.

First, for more than a decade, Erie County has sought to enforce the petitioner's obligation to support one or more of his ten children. (See, Doc. 38, ¶¶ 52, 90). These efforts most recently resulted in Judge Binette's eleven-month sentence., which creates a Catch-22 situation.

Otherwise, the presentence report references no convictions since 2015.

Moreover, Judge Binette, by suggesting to Mr. Farmer that he raise the issue with me, appears unopposed to a concurrent sentence; *i.e.,* if that is so, he views that running his sentence concurrently with mine would not adversely affect his purposes in imposing his sentence.

All things considered, I will grant relief on the petitioner's first claim.

That being so, his contentions about Mr. Famer's failings with regard to preparing him for the prior sentencing proceeding are moot. When next it matters, the petitioner will be well and competently counseled before he reappears before me for resentencing.

Accordingly, it is hereby

ORDERED THAT: the petitioner's Motion to Vacate, Set Aside, or Correct Sentence, (Doc. 51), be, and the same hereby is granted in part and denied in part as moot.

The Clerk shall forthwith schedule a status/scheduling conference.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge