**In the United States District Court,
Northern District of Ohio,
Western Division**

| | |
|---|---|
| United States of America, | Case No. 3:20-cr-0002 |
| Plaintiff, | Judge James G. Carr |
| v. | **<u>Order</u>** |
| Andre Stockett, | |
| Defendant. | |

The Defendant has filed a Motion for Sentence Reduction/Compassionate Release under 18 U.S.C. § 3582(c)(1)(A). (Doc. 64). He seeks an Order reducing his sentence of 84 months to time served. (*Id.*, pgID 404). The Bureau of Prisons (BOP)/Warden declined to seek reduction on the Defendant's behalf. (Doc. 64, pgID 406). The Government opposes the Motion. (Doc. 65).

For the reasons that follow, I deny the Motion.

**Background.**

Following his pleas of guilty to eight counts of drug distribution, I sentenced the Defendant to a term of 92 months on June 23, 2021 (Doc. 45 – Judgment). Thereafter the Defendant filed a timely Motion for Sentence Reduction. (Doc. 47). On consideration of the Defendant's Motion, I found that, despite having no jurisdiction, the failure of his attorney to request to run the Defendant's federal sentence concurrently to a state imposed sentence amounted to ineffective assistance of counsel. (Order [non-document] 07/14/2021). Finding this prejudiced the Defendant, I appointed him new counsel for the purpose of determining what remedy may be available to the Defendant.

Nearly one year later, the Defendant's court-appointed counsel filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. (Doc. 51). After the Motion was fully briefed, I granted it in part and eventually scheduled the Defendant to be resentenced. (Doc. 57).

At the resentencing on May 3, 2023, I ordered the Defendant's sentence to run concurrently with the state sentence and imposed a federal term of 84 months – an eight month reduction from my original 92 months. (Doc. 62 – Amended Judgment). According to the BOP's website, his current release date is February 16, 2025. https://www.bop.gov/inmateloc/.

Defendant claims that he would have been home by now if he had been properly sentenced. He claims due to the state's detainer, he was ineligible to enroll in the BOP's Residential Drug Abuse Program (RDAP) as desired. (Doc. 64, pgID 404).

In further support of his current Motion, Defendant claims that he is rehabilitated. He has a job at Heinz. He has no discipline. He received several commendations. And his family, which includes his fiancé and ten children, need his support and companionship.(*Id.* at 404-5).

**Discussion**

As a threshold matter, I find nothing extraordinary about the Defendant's circumstances – as I must – under § 3582(c)(1)(A).

Simply put, his circumstances, sadly, are all too commonplace. Every prisoner whose imprisonment takes from his hearth and home, suffers.

I cannot recover for him what he lost –the opportunity to be in RDAP and get the resulting credit against his sentence. It is unfortunate, for many reasons, that the Defendant could

not participate in the program, but this is something his attorney's ineffective assistance took from him. Unfortunately, there is nothing I can do now to remedy that issue.[1]

Defendant also points to his efforts at rehabilitation and his confidence that those efforts have succeeded. But that is exactly what a prison term is supposed to accomplish.

Having found that there is nothing extraordinary – much less compelling – about the Defendant's circumstances, I need not consider the § 3553(a) factors.

But I do anyway.

First: I consider the Defendant's history and characteristics, which blend into a consideration of the nature of his crimes and their effects. For a period of about two years, the Defendant was a successful – and very dangerous – dealer in Fentanyl and Fentanyl Analogues.

That alone, in my view, justifies having the Defendant serve his full (albeit already once reduced) sentence.

Failure to do otherwise would reflect adversely on the law and be unjust – especially to those whose addiction he may have induced, and most certainly, to those whose addiction he fed.

Simply put: drug dealing, more than anything else, has rendered many of our cities simply unhabitable – though untold thousands find themselves living in these drug infested, crime and danger-ridden communities.

Finally, on the positive side of the ledger, I acknowledge Defendant's efforts to ensure that when he returns home, he will no longer be a danger to the community.

But that alone does not outweigh the other factors in this case.

---

[1] I do not herein determine whether the Defendant has a civil cause of action against his former attorney for the consequences of failure to provide effective assistance of counsel. It is up to Defendant to secure counsel once he is released and determine what - if any - remedy he may have.

So, even if the Defendant's circumstances were extraordinary and compelling, I would decline to grant his Motion.

## Conclusion

It is, accordingly, hereby

ORDERED THAT the Defendant's Motion for Reduced Sentence/Motion for Compassionate Release (Doc. 64) be, and the same hereby is, **denied**.

An appeal from this decision could not be taken in good faith and shall not be allowed without prepayment of the requisite filing employee.

So ordered.

/s/ James G. Carr
Sr.. U.S. District Judge